FILED

2017 AUG -8 PM 3: 54

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GEORGE MORRIS, SHANNON BOYD,
RYAN COLEMAN, ANGEL APONTE,
BARRY DAMICO, SCOTT SMITH**, on behalf
of themselves and all others similarly situated,

      Plaintiffs,

v.                                                              CASE NO. 6:17-CV-1465-ORL-40CJK

**TRUGREEN, INC., f/k/a SCOTT'S
LAWNSERVICE, INC.**,

      Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiffs, GEORGE MORRIS, SHANNON BOYD, RYAN COLEMAN, ANGEL APONTE, BARRY DAMICO, and SCOTT SMITH ("Plaintiffs"), on behalf of themselves and others similarly situated, hereby sue the Defendant, **TRUGREEN, INC., f/k/a** SCOTT'S LAWN SERVICE, INC. ("Defendant"), and allege as follows:

### JURISDICTION, VENUE AND PARTIES

1.    This is a collective action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Accordingly, this Court has subject-matter jurisdiction.

2.    Venue lies within the Middle District of Florida because a substantial part of the events giving rise to this claim arose in this Judicial District.

3.    At all times material, Plaintiffs are and were residents of the State of

Florida.

4. This Court has personal jurisdiction over Defendant because it systematically and continuously engages in substantial interstate commercial conduct and business activity within Florida, operates facilities in Florida, including in this Division, and because the case arises out of Defendant's unlawful conduct within this District..

## GENERAL ALLEGATIONS

5. Defendant is an employer as defined by the FLSA.

6. At all material times, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiffs were engaged in interstate commerce during their employment with Defendant.

7. Plaintiffs were employed by Defendant during the relevant time period as lawn service technicians.

8. This action is brought under, *inter alia*, the FLSA to recover unpaid overtime compensation and minimum wages owed to Plaintiffs and all others similarly situated who are or were employed by Defendant as lawn service technicians.

9. Plaintiffs and others similarly situated were employees of Defendant under the FLSA.

10. Defendant failed to comply with the FLSA because Plaintiffs, and other similarly situated employees, were regularly required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the

FLSA.

11.  Defendant refused to pay Plaintiffs and other similarly situated employees overtime compensation for: (1) time worked by Plaintiffs on weekends when they were prohibited from clocking in ; and (2) lunches deducted from their paychecks even if Plaintiffs never took them.

12.  The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who were required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

13.  Defendant's violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

14.  Plaintiffs have been required to retain the undersigned counsel to represent them in this action and are obligated to pay them a reasonable fee for their services.

## COUNT I
## OVERTIME – FLSA

15.  Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 to 14 as if fully restated herein.

16.  During the three (3) year period prior to filing this action, Defendant failed to pay Plaintiffs and all other similarly situated employees overtime compensation for hours worked over forty (40) in a workweek.

17.  Defendant's failure to pay Plaintiffs and all other similarly situated employees overtime compensation for hours worked over forty (40) in any workweek

constitutes a violation of the FLSA, 29 U.S.C. § 207.

18.     Defendant's violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiffs and all other similarly situated.

**WHEREFORE**, Plaintiffs respectfully request, on behalf of themselves and all others similarly situated, that this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 31st day of July 2017.

>Respectfully submitted,
>WHITTEL & MELTON, LLC
>*/s/ Jay P. Lechner*
>Jay P. Lechner, Esq.
>Florida Bar No.: 0504351
>Jason M. Melton, Esq.
>Florida Bar No.: 605034
>One Progress Plaza
>200 Central Avenue, #400
>St. Petersburg, Florida 33701
>Telephone: (727) 822-1111
>Facsimile: (727) 898-2001
>Service Email:
>Pleadings@theFLlawfirm.com
>lechnerj@theFLlawfirm.com
>kmoran@theFLlawfirm.com
>Attorneys for Plaintiff