IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:17-cv-1465-PGB-GJK

GEORGE MORRIS, SHANNON BOYD,
RYAN COLEMAN, ANGEL APONTE,
BARRY DAMICO, SCOTT SMITH, on
behalf of themselves and all others similarly
situated,

    Plaintiffs,

v.

TRUGREEN LIMITED PARTNERSHIP,

    Defendant.

_____/

**DEFENDANT'S ANSWER AND STATEMENT
OF DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant TruGreen Limited Partnership ("Defendant") hereby files and serves its Answer and Statement of Defenses to the Complaint filed by Plaintiffs George Morris, Shannon Boyd, Ryan Coleman, Angel Aponte, Barry Damico, and Scott Smith (collectively "Plaintiffs") and states as follows:

**JURISDICTION, VENUE AND PARTIES**

1. Defendant admits that Plaintiffs purport to bring this action pursuant to the Fair Labor Standards Act ("FLSA"), but deny that there has been any violation of the FLSA and further deny that Plaintiffs are entitled to any relief. The remaining allegations contained in Paragraph 1 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that this Court has jurisdiction over FLSA claims.

2. The allegations contained in Paragraph 2 of the Complaint call for a legal conclusion to which no answer is required. To the extent an answer is required, Defendant admits that venue is proper within this Judicial District.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' state of residence. Therefore, Defendant denies the allegations contained in Paragraph 3.

4. The allegations contained in Paragraph 4 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph, except Defendant admits that it conducts business in Florida.

## GENERAL ALLEGATIONS

5. The allegations contained in Paragraph 5 of the Complaint call for a legal conclusion to which no answer is required. To the extent an answer is required, the Defendant admits that it is an employer as that term is utilized in the FLSA, and denies all remaining allegations contained in this paragraph.

6. The allegations contained in Paragraph 6 of the Complaint call for a legal conclusion to which no answer is required. To the extent an answer is required, the Defendant admits that is it covered by the FLSA, and denies all remaining allegations contained in this paragraph.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint, except Defendant admits that Plaintiff George Morris and Angel Aponte are currently employed by Defendant.

8. Defendants admits that Plaintiffs purport to bring this action as a collective action pursuant to the FLSA, but deny that there has been any violation of the FLSA and further deny that Plaintiffs are entitled to any relief.

9. The allegations contained in Paragraph 9 of the Complaint call for a legal conclusion to which no answer is required. To the extent an answer is required, the Defendant denies the allegations contained in Paragraph 9 of the Complaint, except Defendant admits that Plaintiffs George Morris and Angel Aponte are currently employed by Defendant.

10. The allegations contained in Paragraph 10 of the Complaint are denied.

11. The allegations contained in Paragraph 11 of the Complaint are denied.

12. The allegations contained in Paragraph 12 of the Complaint call for a legal conclusion to which no answer is required. To the extent an answer is required, the Defendant denies the allegations.

13. The allegations contained in Paragraph 13 of the Complaint are denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' retention of counsel and payment of legal fees. Therefore, Defendant denies the allegations contained in Paragraph 14.

## COUNT I
## OVERTIME – FLSA

15. Defendant hereby reasserts its responses to Paragraphs 1 through 14 of the Complaint, as if fully restated herein.

16. The allegations contained in Paragraph 16 of the Complaint are denied.

17. The allegations contained in Paragraph 17 of the Complaint are denied. .

18. The allegations contained in Paragraph 18 of the Complaint are denied.

In response to the "WHEREFORE" clause that follows Paragraph 18 of the Complaint, Defendant denies that any case or controversy exists so as to entitle Plaintiffs to any relief sought in this clause, or that Plaintiffs are entitled to any such relief. Defendant specifically denies all allegations not specifically admitted herein.

## JURY TRIAL DEMAND

Defendant admits that Plaintiffs demand a jury trial on all issues so triable, but denies that any disputed issue of material fact exists for a jury's determination.

## STATEMENT OF DEFENSES

As separate defenses and without conceding that Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges as follows:

## FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs or "all others similarly situated" (which the Defendant denies the existence of) were not employed by Defendant.

## SECOND DEFENSE

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted.

## THIRD DEFENSE

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in the action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 259, such claims of Plaintiffs or other alleged "similarly situated individuals" (which the Defendant denies the existence of) are barred.

## FOURTH DEFENSE

Plaintiffs' claims and/or the claims of alleged "similarly situated individuals" (which the Defendant denies the existence of) are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation and the compensation of any alleged "similarly situated individuals" were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## FIFTH DEFENSE

Plaintiffs' claims and/or the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of) are barred, in whole or in part, by any exemptions, exclusions, exceptions, or credits provided in Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

**SIXTH DEFENSE**

Plaintiffs' claims and/or the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of) are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

**SEVENTH DEFENSE**

Plaintiffs' claims and/or the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of), are barred, in whole or in part, to the extent that the work they performed falls within the exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) or (b).

**EIGHTH DEFENSE**

Plaintiffs' claims and/or the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of), are barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimis* and therefore is not compensable.

**NINTH DEFENSE**

Plaintiffs cannot satisfy the requirements of a collective action under the FLSA, and some or all of the claims asserted in the Complaint are barred, because Plaintiffs are not similarly situated to the group of individuals they seek to represent, the existence of which is expressly denied, and/or the members of the group of individuals the Plaintiffs purport to represent, the existence of which is expressly denied, are not similarly situated to each other.

**TENTH DEFENSE**

The types of claims alleged by Plaintiffs on behalf of themselves and group of individuals

they purport to represent, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class or collective treatment.

## ELEVENTH DEFENSE

To the extent liability, affirmative defenses, and/or damages, if any, to each member of the alleged group Plaintiffs purport to represent are not determined by a single jury or are determined on a group-wide basis, permitting this action to proceed as a collective action violates the Defendant's rights under the Fifth, Seventh, Eighth, and Fourteenth Amendments to the U.S. Constitution.

## TWELFTH DEFENSE

Plaintiffs' claims and/or the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of), are barred, in whole or in part, because they have been fully compensated for all hours worked in accordance with the FLSA.

## THIRTEENTH DEFENSE

To the extent that discovery reveals that Plaintiffs and/or any of the alleged "similarly situated individuals" (which Defendant denies the existence of), falsely reported their hours and there is no evidence that Defendant required false reporting of hours; no evidence that Defendant encouraged Plaintiffs and/or any of the alleged "similarly situated individuals" to falsely report their hours; and no evidence that the Defendant knew or should have known that Plaintiff and/or any of the alleged "similarly situated individuals" were providing false information as to their hours, Defendant hereby invokes the doctrine of estoppel to bar the claims asserted by Plaintiffs.

## FOURTEENTH DEFENSE

Plaintiffs' claims and/or the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of), are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs and/or any alleged "similarly situated individuals" were engaged in activities which were preliminary or postliminary to their principal activities.

## FIFTEENTH DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, to the extent any valid and enforceable arbitration agreement exists.

## SIXTEENTH DEFENSE

Plaintiffs' claims and/or the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of), are barred as Defendant did not act willfully within the meaning of the FLSA since it did not employ Plaintiffs between two and three years prior to the filing of this action.

## SEVENTEENTH DEFENSE

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted to the extent that it is based on a theory of successor liability.

Defendant reserves the right to plead other affirmative defenses which may become known during the discovery of this case.

**WHEREFORE**, Defendant TruGreen Limited Partnership respectfully requests that this Court: (a) dismiss Plaintiffs' Complaint with prejudice; (b) deny Plaintiffs' demands and prayer

for relief; (c) award Defendant costs and reasonable attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

October 3, 2017

Respectfully submitted,

**LITTLER MENDELSON, P.C.**
*Counsel for Defendant*
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131-2187
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

By: */s/ Miguel A. Morel*
Miguel A. Morel, Esq.
Florida Bar No. 89163
E-mail: mamorel@littler.com
Secondary: kljackson@littler.com

Robert W. Pritchard, Esq.
Admitted *Pro Hac Vice*
E-mail: rpritchard@littler.com
Littler Mendelson, P.C.
625 Liberty Avenue, 26th Floor,
Pittsburgh, Pennsylvania 15222
Telephone: (412) 201-7628
Facsimile: (412) 774-1957

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY**, that on this 3rd day of October, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Filing.

By: */s/ Miguel A. Morel*
Miguel A. Morel, Esq.

**SERVICE LIST**

*COUNSEL FOR PLAINTIFFS*

Jay P. Lechner, Esq.
Jason M. Melton, Esq.
WHITTEL & MELTON, LLC
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, FL 33701
lechnerj@theFLlawfirm.com
Email: Pleadings@theFLlawfirm.com

*COUNSEL FOR DEFENDANT*

Miguel A. Morel, Esq.
E-mail: mamorel@littler.com
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131-2187
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

Robert W. Pritchard, Esq.
Admitted *Pro Hac Vice*
E-mail: rpritchard@littler.com
Littler Mendelson, P.C.
625 Liberty Avenue, 26th Floor,
Pittsburgh, Pennsylvania 15222
Telephone: (412) 201-7628
Facsimile: (412) 774-1957

Firmwide:150360760.1 094997.1001