# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GEORGE MORRIS, SHANNON BOYD,**
**RYAN COLEMAN, BARRY DAMICO**
**and KELVIN CARTER,**

       **Plaintiffs,**

**v.**                                                    **Case No:   6:17-cv-1465-Orl-40GJK**

**TRUGREEN LIMITED**
**PARTNERSHIP,**

       **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' RENEWED MOTION FOR AN ORDER PERMITTING COURT SUPERVISED NOTICE TO EMPLOYEES OF THEIR OPT-IN RIGHTS (Doc. No. 47)** |
| **FILED:** | **March 1, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I.     FACTUAL BACKGROUND

The matter before the Court arises under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq*. Doc. No. 1. The named plaintiffs were employed as Lawn Service Technicians by Scotts Lawn Service ("Scotts"), which was acquired by Defendant in 2016. Doc. No. 59 at 7. Defendant is in the business of lawn care maintenance and treatment, with branches throughout the United States. *Id*. at 10 (citing Doc. No. 59-11 at 2). Effective January 1, 2017, many of Scotts' Lawn Service Technicians became Defendant's employees. *Id.* at 7.

On August 8, 2017, named plaintiffs George Morris, Shannon Boyd, Ryan Coleman, Angel Aponte, Barry Damico, and Scott Smith filed a collective action complaint (the "Complaint") alleging unpaid overtime under FLSA. Doc. No. 1 at ¶¶ 15-18. Specifically, the named plaintiffs allege that Scotts did not pay overtime compensation for time worked on Saturdays because it prohibited the named plaintiffs from clocking in on those days. *Id.* at ¶ 11. Declarations from the named plaintiffs state that "[i]n the period of about 2011 to 2015, when a punch clock was still used, we were not allowed to clock in on the Saturdays we worked." Doc. No. 23-2 at 2; Doc. No. 23-3 at 2; Doc. No. 23-4 at 2.[1]

On October 5, 2017, Kelvin Carter, who also worked for Defendant as a Lawn Service Technician, filed a notice of consent to join the lawsuit. Doc. No. 26. On December 18, 2017, named plaintiffs Smith and Aponte filed a notice voluntarily dismissing their claims without prejudice pursuant to Federal Rule of Civil Procedure 41. Doc. No. 39. Thus, at the current stage of the proceedings, named plaintiffs Morris, Boyd, Coleman, and Damico and opt-in plaintiff Carter (collectively, the "Plaintiffs") remain in this action. Plaintiffs all worked at the Scotts Orlando, Florida branch. Doc. No. 59 at 11-12 (citing Doc. No. 59-2 at 3-4).

On March 1, 2018, Plaintiffs filed a motion (the "Motion") requesting that the Court authorize "notice to Defendant's current and former [Lawn Service Technicians] who worked one or more weeks during the three (3) years from the filing of the Complaint to the present and who are similarly situated of their 'opt-in' rights." Doc. No. 47 at 8.[2]  Plaintiffs attach a proposed notice (the "Notice") to the Motion, which defines the proposed class as follows:

---

[1] The Complaint also alleges that the named plaintiffs were not paid overtime for "lunches deducted from their paychecks even if [they] never took them." Doc. No. 1 at ¶ 11. None of the named plaintiffs' declarations or responses to the Court's interrogatories, however, mention unpaid overtime for lunches not taken. *See* Doc. No. 59 at 8-9; Doc. Nos. 23-2, 23-3, 23-4, 33, 34, 36, 43, 56.

[2] The Complaint alleges that Defendant knowingly and willfully violated the FLSA, and thus, Plaintiffs apply a three-year statute of limitations. Doc. No. 1 at ¶ 18; 29 U.S.C. § 255.

> If you were (or are currently) employed by [Scotts] as a Lawn Service Technician after December 2013 and you believe you were not paid time and one-half wages for all hours worked by you during any workweek in excess of forty (40) hours, you may make a claim to recover those wages, double damages and the costs and attorney's fees of the suit.

Doc. No. 47-1 at 1. Thus, the Notice defines the proposed class as a class of Lawn Service Technicians who worked for Defendant after December 2013 and who were not paid time and one-half wages for all overtime hours worked.[3] Plaintiffs also state that "[b]ecause this FLSA violation occurred nationwide, [we] seek conditional certification for all Lawn Service Technicians who worked out of all [Scotts] locations." Doc. No. 47 at 4. Thus, Plaintiffs seek conditional certification of a nationwide class of Lawn Service Technicians who were not paid overtime at all Scotts branches. *Id.*

On April 9, 2018, Defendant filed a response to the Motion, arguing that it should be denied for three reasons. Doc. No. 59. First, Defendant argues that Plaintiffs have failed to show that others have a sufficient interest in joining this collective action. *Id.* at 13-16. Second, Defendant argues that Plaintiffs have failed to show that they are similarly situated to the putative class members. *Id.* at 16-23. Specifically, Defendant states that Plaintiffs were not subject to a common unlawful policy or practice and that their claims require numerous individual inquiries. *Id.* Third, Defendant argues that conditional certification would be inappropriate because of another FLSA overtime case pending in the United States District Court for the Southern District of Florida. *Id.* at 23-25 (citing *Vasquez et al. v. The Scotts Co. LLC, et al*, No. 0:17-cv-60344-DPG (S.D. Fla.

---

[3] The Motion seeks conditional certification of a class of Lawn Service Technicians who worked one or more weeks <u>during the three (3) years from the filing of the Complaint to the present.</u> Doc. No. 47 at 8 (emphasis added). The Complaint was filed on August 8, 2017, and thus, three years from that date is August 8, 2014. Doc. No. 1. The Notice, however, is addressed to those who "were (or are currently) employed by [Scotts] as a Lawn Service Technician from December 2013 …" Doc. No. 47-1 at 1. Furthermore, declarations from the named plaintiffs state that they were not allowed to clock in on Saturdays from approximately 2011 to 2015. Doc. No. 23-2 at 2; Doc. No. 23-3 at 2; Doc. No. 23-4 at 2.

2017)). Defendant states that the *Vasquez* plaintiffs seek overtime under FLSA on behalf of current and former Lawn Service Technicians employed by Defendant.[4] *Id.* at 23. Defendant also states that over seven hundred individuals have joined the *Vasquez* action, including named plaintiffs Morris, Coleman, and Damico. *Id.*

## II.  APPLICABLE LAW

If an employer violates the FLSA, the statute allows for employees to maintain a collective action on their own behalf and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). In order to maintain a collective action, at least one aggrieved employee must be a named plaintiff, and other similarly situated employees may affirmatively opt in if the district court conditionally certifies the class. *Id.* The purpose behind collective actions under Section 216(b) is to conserve judicial resources and lower litigation costs.

The decision to conditionally certify an FLSA collective action lies within the sound discretion of the Court. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). The Eleventh Circuit has recommended a two-staged approach for determining whether certification is proper under Section 216(b). *Cameron–Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003) (citations omitted).[5] The first stage, the notice stage, is relevant here.[6] In the notice stage, "the district court makes a decision—usually based only on the

---

[4] In the *Vasquez* action, the plaintiffs allege that Lawn Service Technicians employed by Scotts were paid a half-time rate for all overtime hours worked. *Vasquez*, Doc. No. 8 at ¶¶ 1, 17; Doc. No. 36 at 5. Defendant and two other entities affiliated with Scotts are named as defendants in the *Vasquez* action. *See id.*, Doc. No. 8.

[5] The Eleventh Circuit has held that "[n]othing in our circuit precedent … requires district courts to utilize this approach." *Hipp*, 252 F.3d at 1219. *See also Allen v. Hartford Fire Ins. Co.*, No. 6:16-cv-1603-Orl-37KRS, 2017 WL 3701139, at * 5 (M.D. Fla. Aug. 25, 2017) (noting that "district courts have departed from the two-stage analysis in circumstances where the court has ample information to make a determination.").

[6] For a discussion of the second stage for conditional certification under Section 216(b), the decertification stage, *see Allen*, 2017 WL 3701139 at * 4-5.

pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Hipp*, 252 F.3d at 1218 (citations omitted).

At the notice stage, "the Court does not determine the legality of [the defendant's] practice or evaluate the merits of the plaintiff's claim." *Jewell v. Aaron's Inc.*, No. 1:12–CV–0563–AT, 2012 WL 2477039, at * 5 (N.D. Ga. Jun. 28, 2012) (citing authority). Instead, the Court must determine whether: 1) there are other employees who desire to opt-in to the collective action; and 2) such employees are similarly situated to the plaintiffs. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008). These determinations are made using a "fairly lenient standard." *Hipp*, 252 F.3d at 1218. The party seeking conditional certification under Section 216(b) has the burden of showing a reasonable basis that there are other similarly situated employees who desire to join the collective action. *Morgan*, 551 F.3d at 1260.

### III.   ANALYSIS

#### A.   Other Employees Desiring to Opt-In

The party seeking conditional certification bears the burden of demonstrating a reasonable basis that other aggrieved employees exist in the broad class as proposed. *Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1334 (M.D. Fla. 2007). "Certification of a collective action and notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit." *Id*. Rather, "a showing that others desire to opt in is required before certification and notice will be authorized by the court." *Id.* Interest in the collective action can be shown through affidavits, consents to join, and other evidence from non-named employees. *Id.*

In *Monserrate v. Hartford Fire Ins. Co.*, No. 6:14–cv–149–Orl–37GJK, 2015 WL 4068388 (M.D. Fla. Jul 2, 2015), the plaintiffs sought conditional certification of a nationwide class of claims analysts who were allegedly misclassified as exempt FLSA employees. *Id.* at *1-3. United

States District Judge Roy B. Dalton, Jr. found that the plaintiffs failed to demonstrate interest in a nationwide collective action because they did not demonstrate any interest from employees outside of two local offices:

> Here, the six named [p]laintiffs-all of whom worked at Defendant's offices in Maitland or Lake Mary, Florida-request conditional certification of a "national class of analysts" that is "estimated to be well in excess of 1,000 employees." <u>However, they have not provided any affidavits, consents to join, or other evidence from any non-named employee who worked outside of Defendant's Maitland or Lake Mary offices-let alone outside of the state of Florida-and thus the Court finds that they have not met their threshold burden of demonstrating interest on a national scale.</u>

*Id.* at \*3 (emphasis added) (internal citations omitted). *See also Rappaport v. Embarq Mgmt. Co.,* No. 6:07-cv-468-Orl-19DAB, 2007 WL 4482581, at \*4 (M.D. Fla. Dec. 18, 2007) ("Indeed, federal courts across the Middle and Southern Districts of Florida have routinely denied requests for conditional certification where, as here, the plaintiffs attempt to certify a broad class based only [on] the conclusory allegations of few employees.").

Here, Defendant is a national company with branches throughout the United States, and Plaintiffs seek conditional certification of a nationwide class of Lawn Service Technicians. Doc. No. 59 at 10 (citing Doc. No. 59-11 at 2); Doc. No. 47 at 4. Plaintiffs, however, all worked at the Scotts Orlando, Florida branch. Doc. No. 59 at 11-12 (citing Doc. No. 59-2 at 3-4). Furthermore, the named plaintiffs filed declarations stating that they are "personally aware of other [Lawn Service Technicians] who work for Defendant <u>in Florida</u> who have not yet joined this lawsuit but who will join the case if/when they receive Court-approved notice." Doc. No 23-2 at 2; Doc. No. 23-3 at 2; Doc. No. 23-4 at 2 (emphasis added). Outside of the aforementioned declarations, Plaintiffs have not provided any other evidence, such as affidavits or consents to join, from any employee who worked outside of Orlando, Florida. *See Hart v. JPMorgan Chase Bank, N.A.,* No.

12–cv–470–T–27TBM, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012) (stating that a plaintiff's "belief in the existence of other employees who desire to opt in and unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification of a collective action and notice to a potential class.") (internal quotations omitted). Thus, Plaintiffs have failed to show that there are Lawn Service Technicians outside of Orlando who would be interested in joining this collective action. Accordingly, Plaintiffs have failed to meet their burden of demonstrating interest in the broad class as proposed. *See Vondriska*, 564 F. Supp. 2d at 1334.

"When named plaintiffs fail to demonstrate national interest in their action but succeed in demonstrating a more localized interest, district courts have the discretion to conditionally certify an appropriately localized class." *Monserrate*, 2015 WL 4068388 at * 3 (citing authority). Here, Plaintiffs have demonstrated a more localized interest by filing the consent to join from Mr. Carter, who works in the Orlando, Florida branch. *See id.* at * 2 (citing authority and noting that "[t]here is no bright-line rule for how many non-named employees need to express interest, but examples of cases where a small number of opt-in plaintiffs satisfied the threshold of interest required for a collective action are numerous.") (citations and quotations omitted). *See also Robbins-Pagel v. Wm. F. Puckett, Inc.*, No. 6:05-CV-1582-ORL-31DAB, 2006 WL 3393706, at *2 (M.D. Fla. Nov. 22, 2006) (finding sufficient evidence to establish a reasonable basis to believe that there were individuals who may be interested in joining the action who worked in the same location as plaintiff, when plaintiff submitted the affidavit of herself and two others interested in joining the action, but declining to certify class consisting of workers at different locations than plaintiff). Given the foregoing, Plaintiffs have sufficiently demonstrated that there are other employees in the Orlando, Florida Scotts branch who may wish to opt in to this FLSA collective action.

### B. Similarly Situated Employees

The Court must also consider whether the employees are similarly situated with respect to their job requirements and pay provisions. *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68. The party seeking conditional certification "must only demonstrate that their positions are similar, not identical, to the positions of the potential class plaintiffs." *Vondriska*, 564 F. Supp. 2d at 1335. The similarly situated requirement is "not particularly stringent, fairly lenient, flexible, not heavy, and less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)." *Morgan*, 551 F.3d at 1260-61.

The declarations of the named plaintiffs state that they all worked as Lawn Service Technicians and were paid "a salary rate plus commission." Doc. No. 23-2 at 1; Doc. No. 23-3 at 1; Doc. No. 23-4 at 1. Their declarations also state that they were paid a commission of seven percent provided that they sell more than $5,700 worth of services. *Id.* at 2. Each Plaintiff filed verified answers to the Court's interrogatories stating that they worked as Lawn Service Technicians and that such job entails treating customer lawns and communicating with customers. Doc. No. 33 at 2; Doc. No. 34 at 2; Doc. No. 36 at 2; Doc. No. 43 at 2; Doc. No. 56 at 2. Finally, each of the Plaintiffs state that they had standard and overtime wage rates and that they were not paid for off the clock work.[7] *Id.* at 3-4.

Defendant argues that Plaintiffs have failed to show that they are similarly situated with potential class members for two reasons. First, Defendant argues that Plaintiffs have not shown that they were subjected to a common unlawful policy or practice. Doc. No. 59 at 17-20. The similarly situated requirement, however, "does not necessarily require named plaintiffs to show

---

[7] Plaintiff Damico's responses state that he was paid $600.00 per week, but his overtime wage rate was $22.50 per hour. Doc. No. 43 at 2-3. A $22.50 overtime wage rate translates to a regular wage rate of $15.00 per hour. ($600.00 / 1.5). A $15.00 normal wage rate at forty hours per week translates to a $600.00 weekly pay.

that they and the potential class members were subjected to a 'unified policy, plan, or scheme.'" *Monserrate*, 2015 WL 4068388 at * 3 n. 6 (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996)). Instead, a showing of a common policy or plan in violation of FLSA is one way to satisfy the similarly situated requirement. *See Molina v. Ace Homecare LLC*, No: 8:16–CV–2214–T–27TGW, 2017 WL 3605377, at * 2 (M.D. Fla. Aug. 21, 2017) ("While a unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal similarly situated requirement of § 216(b), it is one way to demonstrate similarity.") (internal quotations omitted).

Second, Defendant argues that conditional certification is inappropriate because this collective action has a number of individualized issues. Doc. No. 59 at 20-23. Specifically, Defendant argues that:

> Liability as to off-the-clock [work] allegations necessarily requires an analysis of every employee's day-to-day activities, including each employee's awareness of the company's timekeeping policy, and whether management had actual or constructive knowledge of the off-the-clock work.

*Id.* at 20. Such issues, however, are inappropriate for determination at the notice stage. As stated previously, the Court does not determine the merits of Plaintiffs' claims at this stage. *Jewell*, 2012 WL 2477039 at * 5. Courts within the Eleventh Circuit have granted conditional certification despite potential individual issues in the collective action, finding that such issues are properly determined at the decertification stage. *See id.* ("Most of [the defendant's] objections go to the merits of the underlying claims and are more appropriately considered during the second stage of the certification process."). *See also Russell v. Life Win, Inc.,* No. 8:11–CV–2802–T–26TBM, 2014 WL 7877787, at *3 (M.D. Fla. Apr. 23, 2014) ("Indeed, individual circumstances are inevitably present in a collective action. At this stage, however, courts do not weigh the merits underlying the claims in determining whether potential opt-in plaintiffs may be 'similarly

situated.'"); *Clincy v. Galardi S. Enters., Inc.*, No. 1:09–CV–2082–RWS, 2010 WL 966639, at *2 (N.D. Ga. Mar. 12, 2010) ("The appropriate time to address issues of individual differences between putative class members is after the completion of discovery and during the second stage of the certification determination."). Given the foregoing, Plaintiffs have sufficiently demonstrated that they are similarly situated to other Lawn Service Technicians in Scotts Orlando, Florida branch in terms of job duties and pay provisions.

### C.  The *Vasquez* Action and the Class Definition

In *Vasquez*, the plaintiffs, of behalf of themselves and other Lawn Service Technicians, filed a complaint against Defendant and entities affiliated with Scotts, alleging unpaid overtime compensation under FLSA. Doc. No. 59 at 23; *Vasquez*, Doc. No. 8. Unlike this case, the *Vasquez* plaintiffs allege that they were paid a half-time rate for all overtime hours worked. *Vasquez*, Doc. No. 8 at ¶¶ 1, 17. On July 25, 2017, United States District Judge Darrin P. Gayles conditionally certified the following class in *Vasquez*:

> All current and former "lawn care technicians" (a.k.a. "territory service representatives") employed by The Scotts Company, LLC; EG Systems, Inc.; TruGreen, Inc.; and TruGreen Limited Partnership and all other current and former employees of The Scotts Company, LLC; EG Systems, Inc.; TruGreen, Inc.; and TruGreen Limited Partnership performing substantially similar duties to lawn care technicians <u>who worked more than forty hours in one or more workweeks of their employment and who were paid one-half of their regular hourly rate for hours worked in excess of forty hours in those workweeks during the period of January 17, 2014, through [July 25, 2017] at any of The Scotts Company, LLC; EG Systems, Inc.; TruGreen, Inc.; and TruGreen Limited Partnership's locations in the United States.</u>

*Vasquez*, Doc. No. 36 at 5 (emphasis added). Thus, the conditionally certified class in *Vasquez* consists of all Lawn Service Technicians who worked more than forty hours in at least one workweek and were paid one-half of their regular hourly rate for overtime hours worked. *Id.* On

February 2, 2018, the opt-in period closed, and approximately seven hundred forty-seven individuals joined the class, including Plaintiffs Morris, Coleman, and Damico. Doc. No. 59 at 23; *Vasquez*, Doc. Nos. 75, 258, 669. Defendant argues that conditional certification is not appropriate in this case because of the pendency of the *Vasquez* action. Doc. No. 59 at 23-24. Specifically, Defendant argues that conditional certification will result in a duplicative notice of a similar FLSA overtime claim being sent to similar individuals. *Id.* at 24.

The claims in *Vasquez* are different than the one presented in this case. In *Vasquez*, the plaintiffs allege that they and other similarly situated Lawn Service Technicians were paid a half-time rate for all recorded overtime hours worked. *Vasquez*, No. 8 at ¶¶ 1, 17, Doc. No. 21 at 2. In this case, the Complaint alleges that Defendant prohibited them from clocking in on Saturdays and, therefore, denied them any compensation for overtime worked on Saturdays. Doc. No. 1 at ¶ 11; Doc. No. 23-2 at 2; Doc. No. 23-3 at 2; Doc. No. 23-4 at 2. While both collective actions contain allegations of FLSA overtime violations, the claims presented are distinct and not mutually exclusive.

Despite the differences between the *Vasquez* action and this case, Plaintiffs seek conditional certification of a broad nationwide class:

> If you were (or are currently) employed by [Scotts] as a Lawn Service Technician after December 2013 and you believe you were not paid time and one-half wages for all hours worked by you during any workweek in excess of forty (40) hours, you may make a claim to recover those wages, double damages and the costs and attorney's fees of the suit.

Doc. No. 47 at 1; Doc. No. 47-1 at 1. Thus, the class as defined in the Notice is a nationwide class of all former and current Lawn Service Technicians who were: 1) employed by Defendant after December 2013; and 2) were not paid time and one-half wages for all overtime hours worked. *Id.* The class definition is not limited to those working in the Orlando, Florida Scotts branch. *Id.*

Furthermore, the class definition is not limited to include only those Scotts employees who were prohibited from clocking in on Saturdays and were denied any compensation for overtime worked on those days. *Id.* Thus, the proposed class, as defined, is overbroad because it encompasses not only the plaintiffs in this action, but also the plaintiffs in the *Vasquez* action. *Id. See also Mackenzie v. Kindred Hosps. East, L.L.C.,* 276 F.Supp.2d 1211, 1220 (M.D. Fla. 2003) (identifying "the overbroad class of individuals identified by plaintiff as comprising the potential class action" as a factor in denying conditional class certification).

In addition to the overbroad class definition, there are inconsistencies between the class definition, the Complaint's allegations, the named plaintiffs' declarations, and the requests made in the Motion. According to the class definition, the Notice will be sent to all Lawn Service Technicians who have been employed by Scotts since December 2013. Doc. No. 47-1 at 1. In the Motion, however, Plaintiffs request that notice be sent to all Lawn Service Technicians who were employed during the three years prior to the filing of the Complaint, which would be from August 8, 2014. *See* Doc. No. 1; Doc. No. 47 at 8. Moreover, the declarations from the named plaintiffs state that they were told not to clock in on Saturdays and were not paid for time worked on Saturdays during "the period of about 2011 to 2015 …" Doc. No. 23-2 at 2; Doc. No. 23-3 at 2; Doc. No. 23-4 at 2.

The Complaint alleges that Defendants withheld compensation for lunches that were not taken. Doc. No. 1 at ¶ 11. The named plaintiffs' declarations, however, do not provide any support for, or even mention, such allegations. Doc. Nos. 23-2. 23-3, 23-4. The Notice and the Motion do not contain any suggestions for a reasonable time period for potential class members to opt into the action. Finally, as noted above, Plaintiffs have only demonstrated that there are other employees in the Scotts Orlando, Florida branch who wish to opt in to this FLSA collective action.

Given that: 1) Plaintiffs seek a nationwide class but only provided interest from one employee from the Scotts Orlando, Florida branch; 2) the class definition's relevant time period conflicts with the Plaintiff's request in the Motion and the information provided in the named plaintiffs' declarations; 3) the broad class definition encompasses the plaintiffs in the *Vasquez* action; 4) Plaintiffs provide no suggestions regarding a time period for potential class members to opt into the collective action; and 5) the Complaint's allegation regarding unpaid lunches not taken is not supported by the class definition or by any other evidence of record, this case is not appropriate for class certification under Section 216(b). *See Horne v. United Servs. Auto Ass'n*, 279 F. Supp. 2d 1231, 1233 (M.D. Ala. 2003) (citing *Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir.1983)) (noting that the court's power to authorize notice under Section 216(b) but that such power must "be exercised with discretion and only in appropriate cases."). Accordingly, it is recommended that the Court decline to exercise its discretion to issue notice under Section 216(b).[8]

## IV.  CONCLUSION

Accordingly, it is **RECOMMENDED** that:

1) The Motion (Doc. No. 47) be **DENIED**[9]; and

2) The parties be reminded that they are to advise the Court of their mediation date and mediator within thirty days after the Court's order on this report and recommendation.[10]

---

[8] The Court has the discretion to change the class definition or have the parties meet and confer regarding a revised class definition and directing them to submit a proposed notice containing the same. *See Monserrate*, 2015 WL 4068388 at * 3; *Rosales v. El Michoacana LLC*, No: 2:15-cv-711-FtM-38CM, 2016 WL 7093432, at * 1 (M.D. Fla. Oct. 20, 2016) (noting that "the class is inadequately defined and the proposed [notice] is deficient" and directing the parties to "confer and submit an agreed proposed [n]otice for the Court's consideration and approval."). Given the above-referenced deficiencies, however, the undersigned declines to exercise such discretion.

[9] Though it is recommended that the Motion be denied, Plaintiffs may continue to pursue their unpaid overtime claims individually.

[10] *See* Doc. No. 54

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 14, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy