**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

GEORGE MORRIS, SHANNON BOYD,
RYAN COLEMAN, BARRY DAMICO and
KELVIN CARTER,

        Plaintiffs,

v.    Case No: 6:17-cv-1465-Orl-40GJK

TRUGREEN LIMITED PARTNERSHIP,

        Defendant.
_____/

## **ORDER**

This cause comes before the Court without oral argument on the following:

1. Plaintiffs' Renewed Motion for an Order Permitting Court Supervised Notice to Employees of Opt-In Rights (Doc. 47), and Defendant's Response in Opposition (Doc. 59);

2. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 60), submitted June 14, 2018; and

3. Plaintiffs' Objections to Report and Recommendation (Doc. 61), and Defendant's Response to Plaintiffs' Objections (Doc. 62).

With briefing complete, the matter is ripe.

This collective action arises under the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201 *et seq.* (Doc. 1). On March 1, 2018, Plaintiffs filed a motion requesting the Court authorize a notice to a proposed class of the class-members' opt-in rights. (Doc. 47 (the "**Motion**")). In a Report and Recommendation ("**R&R**") submitted June 14, 2018,

Magistrate Judge Kelly recommended that the Motion be denied, citing numerous deficiencies with the Motion. (Doc. 60, p. 13).[1]

Plaintiffs submitted objections to the R&R, characterizing the "grounds for recommending denial of the motion [as] technical in nature and easily remedied." (Doc. 61, p. 2). Therefore, Plaintiffs request the Court enter an Order permitting notice of opt-in rights to the proposed class "as set forth in Plaintiffs['] motion and as modified in accordance with this Objection," which conceded some of the issues identified by the R&R. (*Id.* at p. 6). Defendants oppose Plaintiffs' Objections. (Doc. 62).

Upon *de novo* review,[2] the Court finds that Plaintiffs' Objections are due to be overruled, and their Motion denied. Although Plaintiffs ask the Court's help in correcting

---

[1] Specifically, the R&R stated:

> 1) Plaintiffs seek a nationwide class but only provided interest from one employee from the Scotts Orlando, Florida branch; 2) the class definition's relevant time period conflicts with the Plaintiff's request in the Motion and the information provided in the named plaintiffs' declarations; 3) the broad class definition encompasses the plaintiffs in the Vasquez action; 4) Plaintiffs provide no suggestions regarding a time period for potential class members to opt into the collective action; and 5) the Complaint's allegation regarding unpaid lunches not taken is not supported by the class definition or by any other evidence of record, this case is not appropriate for class certification under Section 216(b).

(*Id.*).

[2] Although Defendants request the Court review under Rule 72(a) for clear error because conditional certification under Section 216(b) is non-dispositive, reports submitted by Magistrate Judges are non-final; thus, objections to them are generally subject to *de novo* review. *Jeffrey S. by Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). However, where a litigant does not make specific objections to a magistrate judge's factual findings, those findings are reviewed for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Plaintiffs did not lodge specific objections to the Magistrate's factual findings, so the Court reviews those findings for clear error. *See id.* Legal conclusions are reviewed *de novo* even in the absence of an objection. *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th

the Motion's "technical" deficiencies, a closer look reveals that Plaintiffs' proposed notice (in addition to the Motion) is fundamentally flawed. (*See, e.g.*, Doc. 62, p. 13). The Court declines Plaintiffs' invitation to refashion a wholly inadequate proposed notice. Furthermore, the Court notes that Plaintiffs fail to cite a single case in their Objections to the R&R supporting their position that the Court should grant Plaintiffs their requested relief in spite of the pervasive defects found in the Motion. Plaintiffs thus fall short of establishing their entitlement to conditional certification under 29 U.S.C. § 216(b).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 60) is **ADOPTED** and **CONFIRMED** and made part of this Order.
2. Plaintiffs' Objections to Report and Recommendation (Doc. 61) are **OVERRULED**.
3. Plaintiffs' Renewed Motion for an Order Permitting Court Supervised Notice to Employees of Opt-In Rights (Doc. 47) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 1, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

Cir. 1994). The Court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1).