IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE MORRIS *et al*.,

      Plaintiffs,

v.

                                       CASE NO. 6:17-cv-1465-PGB-GJK

TRUGREEN LIMITED PARTNERSHIP,

      Defendant.

_____

**MOTION TO APPROVE REVISED SETTLEMENT AGREEMENT
AND TO DISMISS ACTION WITH PREJUDICE**

Plaintiffs Ryan Coleman, Kelvin Carter, George Morris, Shannon Boyd, and Barry Damico (collectively, "Plaintiffs") and Defendant TruGreen Limited Partnership respectfully file this joint motion requesting the approval of their second revised settlement agreement and the dismissal of this action with prejudice. The parties state the following in support:

1.      In this action, Plaintiffs allege that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay them for all hours worked (specifically, for certain overtime work performed on Saturdays).

2.      Defendant denies that Plaintiffs performed work for which they were not properly compensated and further denies that Plaintiffs are entitled to any relief in this action.

3.      Pursuant to the Court's FLSA Scheduling Order, Plaintiffs were required to answer Court Interrogatories regarding the nature and scope of their claims. [ECF No. 22]. In their answers to the Court Interrogatories:

          a.   Plaintiff Coleman claimed that he was owed $11,340 in unpaid overtime wages and liquidated damages [ECF No. 34];

     b.   Plaintiff Carter claimed that he was owed $8,400 in overtime wages and liquidated damages [ECF No. 56];

     c.   Plaintiff Morris claimed that he was owed $54,660 in overtime wages and liquidated damages [ECF No. 36];

     d.   Plaintiff Boyd claimed that he was owed $18,375 in overtime wages and liquidated damages [ECF No. 33];

     e.   Plaintiff Damico claimed that he was owed $35,550 in overtime wages and liquidated damages [ECF No. 43].

4.     Notwithstanding the parties' disagreement over the legal and factual merits of the plaintiffs' claims in the action, the parties agree to resolve and settle Plaintiffs' claims in order to avoid the cost and distraction associated with further litigation. The claims of Plaintiffs Coleman and Carter were settled during the parties' January 16, 2019 mediation. [ECF No. 75]. After the mediation, the parties continued to engage in settlement discussions, which culminated in an agreement to settle the claims of Plaintiffs Morris, Damico, and Boyd – the remaining plaintiffs.

5.     The parties entered into a Settlement Agreement and General Release ("the Agreement") to resolve this action.[1] On March 8, 2019, the Parties filed a Joint Motion to approve the Agreement and to dismiss the Action with prejudice. ECF No. 79.

6.     On March 12, 2019, the Court denied the Joint Motion. ECF No. 80. The Court directed the Parties to file a motion to approve any settlement they may reach that addresses the issues raised in the Court's Order denying the Joint Motion. *Id.*

---

[1] A true and correct copy of the Agreement may be found on the docket of the Action at ECF No. 79-1.

7.      On April 22, 2019, the Parties filed a Motion to Approve Modified Settlement Agreement and to Dismiss Action with Prejudice ("the Second Motion"). ECF No. 82. The parties attached their proposed modification to the Agreement ("the Modification"), which was executed by all the parties. ECF No. 82-1.

8.      The Court denied the Second Motion.  ECF No. 83. The Court found that the Modification failed to remove the language in the Agreement regarding the parties' reservation of the right to modify the Agreement in writing, which had been contained in Paragraph 7(e) of the Agreement. *Id*. at p. 2. *Id*. at p. 2, n.1.

9.      The Court directed the parties to file a renewed motion that addresses the parties' inability to modify the Agreement once it is approved, and also directed the parties to file one complete settlement agreement that includes all modifications for judicial approval. *Id*. at p. 3.

10.     The parties have revised the Agreement and believe that it now addresses all of the requirements for judicial approval. Specifically, the Parties agreed to the following modifications to the Agreement in order to address the Court's concerns:

a.      The Parties modified Paragraph 2 of the Agreement to include Plaintiffs' confirmation that they do not want to work for TruGreen ever again.

b.      The Parties modified Paragraph 5(a) of the Agreement to narrow the scope of the release to claims that were asserted in the Action or which could have been asserted in the Action based upon the facts alleged in the operative Complaint.

c.      The Parties modified Paragraph 7(c) of the Agreement to eliminate Defendant's unilateral right to declare the agreement void in the event any provision of the Agreement is found to be unlawful or unenforceable.

d.      The Parties modified Paragraph 7(e) of the Agreement to eliminate the parties' ability to modify the Agreement once it is approved.

11.    A true and correct copy of the revised Agreement is attached hereto as **Exhibit A**. A true and correct copy of an unsigned redline-version of the Agreement reflecting the edits to the Agreement is attached hereto as **Exhibit B**.

**MEMORANDUM OF LAW**

**I.    LEGAL FRAMEWORK**

There are two ways in which claims under the FLSA can be settled and released by employees.  First, §216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section §216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947).  The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1)    the existence of fraud or collusion behind the settlement;
(2)    the complexity, expense, and likely duration of the litigation;
(3)    the stage of the proceeding and the amount of discovery completed;
(4)    the probability of plaintiffs' success on the merits;
(5)    the range of possible recovery; and
(6)    the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.,* 18 F.3d 1527 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007).   The Court should be mindful of the strong presumption in favor of finding a settlement fair.  *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

## II.    ALL OF THE RELEVANT CRITERIA SUPPORT THE FAIRNESS OF THE SETTLEMENT

The parties seek the Court's approval of the modified Agreement and the entry of an Order dismissing this action with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (court may review and approve compromise of FLSA claim where compromise reflects fair and reasonable resolution of a bona fide dispute).

The settlement involves no fraud or collusion. The proposed settlement arises from an action brought by Plaintiffs against their employer, which was adversarial in nature.  Courts have found no fraud or collusion exists when both parties were represented by counsel and the amount paid to the plaintiffs seemed fair.  *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-

5

22JGG, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. 2006).  Here, each Party was independently represented by experienced counsel and the settlement was negotiated between counsel in consultation with the Parties, following court-ordered mediation.  Plaintiffs agree they are being fairly compensated for strongly disputed claims.  The undersigned counsel represent to the Court that there was no fraud or collusion and that all parties are in agreement.

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement.  This settlement, therefore, is a reasonable means for all parties to minimize future risks and litigation costs, and judicial resources.

The Parties agree that they have been able to properly evaluate the claims and Plaintiffs have at all times been represented by counsel.  In agreeing upon the proposed settlement, the Parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis of the claims.  Counsel for Plaintiffs and for Defendant believe the settlement to be fair and reasonable.

The settlement reached with the Plaintiffs reflects a fair and reasonable resolution of a *bona fide* dispute under the FLSA. Under the terms of the Settlement Agreement, Plaintiffs will each receive a reasonable and satisfactory recovery of agreed-upon sums, plus payment of an agreed-upon amount for attorney's fees, expenses, and costs. While the agreed-upon sums are less than the amounts claimed by Plaintiffs in their answers to the Court Interrogatories, the amount reflects a fair and reasonable compromise when taking into account the risk of no recovery in the event Defendant prevails on summary judgment or at trial.  Defendant vigorously denies liability in the instant action.[2] The parties agree that Defendant's willingness to enter into the Settlement Agreement shall not be construed as an admission of liability by Defendant.

---

[2] [*See, e.g.,* ECF No. 69 (Defendant's Motion for Summary Judgment)].

### III.     THE PROPOSED ATTORNEY'S FEES AND COSTS ARE REASONABLE

As part of the Parties' settlement, Plaintiffs' attorneys' fees and costs were at all times negotiated separately from the amounts claimed by Plaintiffs for their underlying claims and are not a function of any percentage of recovery.  As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiffs' attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiffs, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiffs' recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiffs' counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.

In the instant action, Defendant's payment of $ 16,303.20 for Plaintiffs' attorney's fees <u>and</u> costs provides for the resolution of all attorneys' fees and costs owed to Plaintiffs' counsel.  The Parties agreed on the additional amount of fees and costs to be paid to Plaintiffs' counsel after agreeing on the amounts to be paid to Plaintiffs.  Based upon the foregoing, the payment to Plaintiffs' Counsel for attorneys' fees and costs constitutes a fair and reasonable compromise of same.

Further, Plaintiffs' counsel attaches his Declaration and attorney time records as **Exhibit C**, which is hereby incorporated by reference.  As demonstrated by Exhibit C, the payment to Plaintiffs' Counsel for attorneys' fees and costs constitutes a fair and reasonable compromise of same because the amount attributed in the Settlement Agreement to fees is far below the lodestar amount and is less than if the Plaintiffs' counsel had been paid on a contingency per the contractually agreed upon contingency percentage of 40 percent.  Specifically, as reflected in Exhibit 3, based upon the hard-fought nature of this case, the lodestar sum would be immensely

higher than the sum actually being recovered for attorneys' fees through the settlement. Moreover, of the total sum of $16,303.20 being paid by Defendant for attorneys' fees and costs, a total of $3,817.47 is attributable to reimbursable hard costs, including court reporter fees, deposition transcription fees, filing fees and process server fees. The actual amount being paid for attorneys' fees is $12,485.73, which is only 35.3 % of the total amount paid.

**WHEREFORE**, the parties respectfully request that the Court approve the parties' modified Agreement and dismiss this action with prejudice. A Proposed Order is attached **Exhibit D**.

DATED this 30th day of May 2019.

WHITTEL & MELTON, LLC
11020 Northcliffe Boulevard
Spring Hill, FL 34608
Telephone: 352-683-2016
Facsimile: 352-600-7533

/s/ *Jay P. Lechner*
Jay P. Lechner
E-mail: lechnerj@theFLlawfirm.com
Secondary: pleadings@theFLlawfirm.com

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

/s/ *Miguel Morel*
Miguel A. Morel
E-Mail: mamorel@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 30th day of May 2019, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice

of filing via electronic mail to all counsel of record.

BY: /s/ <u>*Jay Lechner*</u>
Jay P. Lechner

FIRMWIDE:164644567.1 094997.1001